No. 86,527

In the Matter of JOHN B. RISHEL, III, *Respondent*.

(23 P.3d 820)

Opinion filed June 1, 2001.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam*: This is an uncontested attorney discipline case filed by the office of the Disciplinary Administrator against the Respondent, John B. Rishel, III, an attorney licensed to practice law in the state of Kansas. The complaint alleged that the Respondent violated KRPC 1.3 (2000 Kan. Ct. R. Annot. 310) (diligence); KRPC 1.4 (2000 Kan. Ct. R. Annot. 320) (communication); 1.15 (2000 Kan. Ct. R. Annot. 360) (safekeeping property); and 1.16 (2000 Kan. Ct. R. Annot. 371) (terminating representation). The formal complaint was sent by certified mail to the Respondent's last known address pursuant to Supreme Court Rule 215 (2000 Kan. Ct. R. Annot. 259). The mail was returned to the office of the Disciplinary Administrator unclaimed. The Respondent failed to answer or appear at the hearing before the Panel. The Disciplinary Administrator recommended indefinite suspension.

On November 5, 1997, Respondent was suspended by the Kansas Supreme Court for failing to pay the annual attorney registration fee and for failing to pay the annual continuing legal education fee. Respondent remains suspended in Kansas.

On March 9, 1998, Respondent was suspended by the Colorado Supreme Court for a period of one year and one day. The suspension resulted from two disciplinary complaints filed against Respondent. The Colorado Supreme Court found the underlying facts as follows:

## Findings of the Colorado Supreme Court

### Count I

Respondent was retained by Judy K. Johnson in 1992 to obtain a change in child custody. Johnson paid Respondent a retainer fee of $1,500 in June and July 1992. By August, Johnson decided to abandon her efforts to obtain a change in custody, and Respondent sent her a refund check in the amount of $656.25. In 1994, Johnson again retained the Respondent to obtain custody of her child. She paid Respondent $500 in July 1994 and $500 in October 1994. Johnson also asked Respondent file a motion to modify visitation and to increase the father's child support obligation.

Johnson began having difficulty contacting Respondent in the spring of 1995. At about that same time, Respondent sent Johnson an undated letter containing a draft copy of a motion to modify child support and visitation. Johnson was to sign the motion and return it. Respondent indicated that he would give Johnson $200 credit for future services.

Respondent filed a motion to modify child support and visitation in April 1995, and he received notice of a hearing scheduled for September 20, 1995, to consider Johnson's motions, as well as citations by Johnson's ex-husband to hold Johnson in contempt for alleged violations of his visitation rights. Respondent failed to notify Johnson of the hearing, and Johnson was unable to communicate with Respondent thereafter. Johnson sent a certified letter to Respondent dated July 11, 1995, in which she requested an accounting and a refund of all unearned fees. Respondent did not reply.

Johnson learned of the hearing from her ex-husband two days before the scheduled hearing. She hired another lawyer who appeared on her behalf, and the hearing was continued. Respondent had moved to Arizona on July 31, 1995, but had failed to give Johnson his forwarding address or to file a motion to withdraw from representing her.

The Colorado Supreme Court found that Respondent violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer); Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); Colo. RPC 1.15(b) (failing to

promptly refund client funds upon request); and Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interest upon termination of representation).

### Count II

David M.J. Schmelzer spoke with Respondent in late 1993 about the financial difficulties Schmelzer was experiencing. It was agreed that Respondent would keep Schmelzer's file open and contact certain creditors to try to reach a compromise of their claims. If these efforts were unsuccessful, Respondent was to file a bankruptcy petition on Schmelzer's behalf. Schmelzer and Respondent entered into a standard hourly fee agreement on November 4, 1993. Schmelzer paid Respondent $500 on December 31, 1993, and his wife paid another $500 on June 22, 1994.

After Respondent moved to Arizona, Schmelzer told Respondent that he had decided to retain local counsel and asked for the return of his file, an itemized bill, and a refund of any unused funds. He followed this with a letter to the same effect. After no reply was received, a lawyer wrote to the Respondent on Schmelzer's behalf. Respondent did not answer either letter, nor did he refund money.

The Colorado Supreme Court found that Respondent's conduct violated Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); Colo. RPC 1.15(b) (failing to take reasonable steps to protect a client's interest upon termination of representation).

### Colorado Supreme Court Sanctions

The Colorado Supreme Court suspended Respondent from the practice of law for one year and one day. The court furthered ordered that prior to seeking reinstatement, and as a condition of reinstatement, Respondent shall make restitution to Johnson in the amount of $500, plus statutory interest from October 1994, until paid, and to Schmelzer in the amount of $1,000, plus statutory interest from June 1994, until paid. It was further ordered that as a condition of reinstatement, Respondent must demonstrate that he has obtained appropriate mental health counseling or substance

abuse evaluation and counseling or other necessary professional help designed to diagnose the causes of his problems and that he has made all necessary efforts to remediate such problems, so as to preclude the likelihood of future neglect of client matters. Respondent was ordered to pay the cost of the disciplinary proceeding.

## Kansas Disciplinary Proceeding

Respondent's home address and his last registration address with the Clerk of the Court of the Appellate Courts of Kansas is in Tucson, Arizona. On April 12, 2000, the Disciplinary Administrator sent a letter to Respondent at that address, informing him that the review committee of the Kansas Board for Discipline of Attorneys found probable cause to believe that Respondent had violated the Kansas Rules of Professional Conduct. The letter was returned because the forwarding order had expired.

On May 11, 2000, the Disciplinary Administrator filed a formal complaint against Respondent. The Disciplinary Administrator sent to Respondent at his office address, by certified United States mail and by regular United States mail, postage prepaid, a copy of the formal complaint and a notice of hearing. The packages were returned to the Disciplinary Administrator by the United States Postal Service because the address did not contain a suite number.

Additionally, on May 11, 2000, the Disciplinary Administrator sent Respondent a copy of the formal complaint and the notice of hearing to Respondent's home address. The package was returned to the Disciplinary Administrator after delivery had been attempted.

Before October 20, 2000, the Disciplinary Administrator discovered that the service of the formal complaint and notice of hearing was inadequate, as it failed to include the suite number, which was included in the Respondent's current registration address. Accordingly, the Disciplinary Administrator contacted the hearing panel and requested that the matter be continued to allow time to obtain adequate service. The panel granted the Disciplinary Administrator's request for a continuance, and the hearing on the formal complaint was scheduled for December 4, 2000.

On September 26, 2000, the Disciplinary Administrator sent Respondent a copy of the formal complaint and the notice of hearing, by certified United States mail and by regular United States mail, postage prepaid, to his current registration address. The packages were returned to the Disciplinary Administrator and marked "unknown at this address."

On September 26, 2000, the Disciplinary Administrator sent to Respondent at his home address a copy of the formal complaint and notice of hearing by certified United States mail, postage prepaid. The package was returned to the Disciplinary Administrator marked "unclaimed." The package was marked with an additional address for Respondent.

After receiving the additional address, the Disciplinary Administrator sent Respondent a copy of the formal complaint and notice of hearing by both certified mail and regular United States mail. The certified package was returned to the Disciplinary Administrator marked "unclaimed," and the package sent by regular mail was not returned to the Disciplinary Administrator.

Respondent failed to file an answer to the formal complaint. The Respondent failed to appear at the hearing on the formal complaint.

During the disciplinary hearing, the hearing panel asked the Disciplinary Administrator to inquire of the Colorado disciplinary authorities whether Respondent had sought reinstatement to the practice of law in the state of Colorado. On December 5, 2000, the Disciplinary Administrator sent a letter to the panel stating that Respondent had not applied for reinstatement to the practice of law in Colorado.

### The Panel's Conclusions

The panel concluded that the Disciplinary Administrator complied with Supreme Court Rule 215(a) by sending a copy of the formal complaint and the notice of hearing by certified United States mail, postage prepaid, to the address shown on Respondent's most recent registration.

The Panel noted that Supreme Court Rule 202 (2000 Kan. Ct. R. Annot. 221) provides that a final adjudication in another juris-

diction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state. Even absent the conclusions of the Colorado Supreme Court, based on the uncontested evidence presented at the hearing, the panel concluded that Respondent engaged in misconduct in violation of KRPC 1.3 (2000 Kan. Ct. R. Annot. 310) (diligence); KRPC 1.4(a) (2000 Kan. Ct. R. Annot. 320) (communication); KRPC 1.15(b) (2000 Kan. Ct. R. Annot. 360) (safekeeping property); and KRPC 1.16(d) (2000 Kan. Ct. R. Annot. 371) (terminating representation).

The panel concluded that Respondent had failed to act with reasonable diligence and promptness in representing Johnson when he failed to file an appropriate motion to modify custody and child support for approximately 6 months after directed to do so. The panel concluded that Responded had violated KRPC 1.3.

The panel found that by failing to remain in contact with Johnson, by failing to inform Johnson of the hearing date, and by failing to notify Johnson of his relocation to Arizona, Respondent failed to keep Johnson reasonably informed about the status of the representation in violation of KRPC 1.4(a).

The panel found that by failing to render a full accounting and by failing to return earned fees to Johnson and Schmelzer, Respondent violated KRPC 1.15(b).

The panel found that by failing to take steps to protect Johnson's interests, by failing to notify Johnson that he was terminating the representation, and by failing to refund earned fees, Respondent violated KRPC 1.16(d).

The panel found that, even though the formal complaint did not specifically allege a violation of Supreme Court Rule 207(b) (2000 Kan. Ct. R. Annot. 237) (aid in investigations of the Disciplinary Administrator) and Supreme Court Rule 211(b) (2000 Kan. Ct. R. Annot. 250) (answer to complaints filed by the Disciplinary Administrator), Respondent violated those rules by failing to cooperate in the disciplinary investigation, failing to file a written answer, and failing to appear at the hearing held on the formal complaint.

## The Panel's Recommendations

In making recommendations for discipline, the panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (1991). Pursuant to Standard 3, the panel considered the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

*Duty Violated.* The panel found that Respondent violated his duty to diligently represent Johnson and Schmelzer. Additionally, Respondent violated his duty to reasonably communicate with his clients.

*Mental State.* The panel found that Respondent knowingly violated the Kansas Rules of Professional Conduct.

*Injury.* Johnson, Schmelzer, and the legal profession suffered injury as a direct result of Respondent's misconduct.

*Aggravating or Mitigating Factors.* The panel found the following aggravating factors: dishonest or selfish motive in that Respondent failed to return unearned fees; bad faith obstruction in that Respondent failed to participate in the disciplinary investigation; refusal to acknowledge wrongful nature of conduct; vulnerability of victims; substantial experience in the practice of law; and indifference to making restitution in that Respondent has made no attempts to make restitution to Johnson and Schmelzer. Because Respondent failed to appear, the panel found it difficult to determine mitigating circumstances. Nevertheless, the panel found that absence of a prior disciplinary violation in the state of Colorado is a mitigating factor.

The panel unanimously recommends that Respondent be suspended from the practice of law in the state of Kansas for an indefinite period of time.

The court agrees that the findings and conclusions of the hearing panel are supported by clear and convincing evidence and adopts the same. After consideration of the entire record, the final hearing report, together with its recommendation, and the argument of counsel, the court finds that the Respondent should be indefinitely suspended from the practice of law in Kansas.

It Is Therefore Ordered that John B. Rishel, III, be and he is hereby indefinitely suspended from the practice of law in the state of Kansas commencing as of June 1, 2001.

It Is Further Ordered that Respondent make appropriate restitution to Johnson and Schmeltzer in the amount as ordered by the Colorado Supreme Court.

It Is Further Ordered that in the event the Respondent should seek reinstatement, he be subject to all of the reinstatement requirements, including a hearing as provided by Supreme Court Rule 219 (2000 Kan. Ct. R. Annot. 274).

It Is Further Ordered that a motion for reinstatement to practice law in this state will not be considered by this court until the Respondent demonstrates that he has been reinstated to practice law in the state of Colorado.

It Is Further Ordered that at the reinstatement hearing, Respondent be required to show that he has received the appropriate professional help to enable him to prevent a repeat of the neglect and abandonment of clients; he is current with his Kansas continuing legal education requirements; and he is current with the Kansas Supreme Court annual fees and the Kansas continuing legal education annual fees.

It Is Further Ordered the Respondent shall forthwith comply with Supreme Court Rule 218 (2000 Kan. Ct. R. Annot. 266) and pay the costs of this action and that this opinion be published in the official Kansas Reports.